■ In the Matter of OTISCO LAKE COMMUNITY ASSOCIATION, INC., Petitioner, v. HAROLD G. WILM et al., Constituting the Water Resources Commission, Respondents.— AULISI, J. Proceeding under article 78 of the CPLR for review of a determination of the Water Resources Commission rendered August 8, 1963, granting the Onondaga County Water Authority permission to increase the allowable taking of water from Otisco Lake from the present average limit of 20 million gallons per day to an average limit of 25 million gallons per day. The Onondaga County Water Authority filed an application for said increase and the appellant, Otisco Lake Community Association, Inc., a membership corporation consisting of property owners about the lake, filed

objections. Thereafter extensive hearings were held during May and June, 1963, and the Onondaga County Water Authority was granted permission for an increased take until June 1, 1968, or until another adequate supply is made available to the said Authority. We do not pass upon respondents' procedure and other preliminary objections inasmuch as we prefer to read the merits. Appellant's objection is grounded chiefly on chapter 371 of the Laws of 1907 which created the Onondaga County Water Authority's predecessor. Section 1 of this Act of 1907 provides as follows: " The Onondaga County Suburban water company, its successors and assigns, may, for the purpose of supplying pure and wholesome water to municipalities and their inhabitants, under the restrictions and conditions imposed, increase the water storage capacity of Otisco Lake so as to impound an additional supply of water; take and conduct water therefrom equal in amount to the additional supply so impounded; and construct, place and maintain such wall, dam, intake, gatehouse, gate and structures as may be necessary for such purposes." The new dam thus authorized raised the lake's level four feet and appellant claims that the additional withdrawal now authorized would lower the lake level more than four feet and would therefore violate the quoted section restricting withdrawals to the amount of water impounded. We believe that this apparent restriction has been rendered inoperative by the overriding authority given to the Water Resources Commission in 1960 by enactment of article V of the Conservation Law. It is the declared policy of the State that " the acquisition, storage, diversion and use of water for domestic and municipal purposes shall have priority over all other purposes " (Conservation Law, § 401, subd. [3], par. [a]). These general policies of the State with respect to water resources are to be implemented by the Water Resources Commission (Conservation Law, § 410). In addition to this, while the Onondaga County Water Authority is given broad power by section 1154 of the Public Authorities Law, said law also provides: " In so far as the provisions of this title are inconsistent with the provisions of any other act, general or special, or of any local law of any city, the provisions of this title shall be controlling. Nothing contained in this title shall be held to alter or abridge the powers and duties of the state department of health or of the water power and control commission [now the Water Resources Commission] over water supply matters." (Public Authorities Law, § 1173.) The conclusion that we have reached renders unnecessary a consideration of respondents' additional contentions. We believe that the record and the decision of the Water Resources Commission reveal that a full and complete hearing was conducted and that its decision is based upon substantial evidence and is within the scope of its authority. Determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.